People v Tate (2022 NY Slip Op 05286)

People v Tate

2022 NY Slip Op 05286

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Ind. No. 2931/18 Appeal No. 16281 Case No. 2020-00324 

[*1]The People of the State of New York, Respondent,
v
Phyllis Tate, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered November 8, 2019, convicting defendant, after a jury trial, of arson in the second degree and reckless endangerment in the first degree, and sentencing her to an aggregate term
of six years on the arson count, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant's challenge for cause to a prospective juror should have been granted. The challenged panelist, who had many connections to law enforcement, stated "I'm definitely bias[ed] toward law enforcement, toward police officers. I know a lot of cops. If you ask me a plain question, I'll say yes." This was clearly an acknowledgment of a state of mind likely to preclude the rendering of an impartial verdict (see CPL 270.20[1][b]). However, the court did not elicit an unequivocal assurance that the panelist would set aside any bias and render an impartial verdict based on the evidence (see People v Johnson, 94 NY2d 600, 614 [2000]).
Instead, the court asked if the panelist could "evaluate the testimony," and if a witness was "not telling the truth" and "happen[ed] to be a police officer," would he "disregard that just because [his] best friend is a cop?" The court's question was not properly framed to elicit an assurance of impartiality. When the panelist, somewhat confused by the court's inquiry, replied, "No, if I'm understanding your question, I wouldn't," he did no more than confirm that in the event he actually found an officer's testimony to be perjurious, the panelist would not overlook that fact because of his pro-police bias. The court's next question  "You would be able to evaluate?"  and the panelist's response that he "would be able to," likewise fell short of the required express and unequivocal declaration (see People v Blyden, 55 NY2d 73, 79 [1982]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (People v Arnold, 96 NY2d 358, 362 [2001]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]); accordingly defendant is not entitled to dismissal of the indictment. We find it
unnecessary to reach any other issues, including the propriety of the court's denial of a for-cause challenge as to another prospective juror, because we are ordering a new trial. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022